Jeremy I. Lessem, Esq. (SBN: 213406)
Jamal Tooson, Esq. (SBN: 261373)
LESSEM, NEWSTAT & TOOSON, LLP
E-Mail: Jtooson@LNlegal.com
3450 Cahuenga Blvd. West 102
Los Angeles, CA 90068
Telephone: (818) 582-3087
Facsimile: (818) 484-3087

Attorney for Plaintiffs,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN GOMEZ, individual<br>Plaintiff<br><br>v.<br><br>COUNTY OF LOS ANGELES, ALYSSA VILLALOBOS in her individual and official capacity, GUILLERMO VIERA ROSA, in his individual and official capacity, LISA H. WONG, in her individual and official capacity and DOES 1-10<br>Defendant(s) | CASE NO.<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS UNDER 18 U.S.C. §1983 AND SUPPLEMENTAL STATE LAW CLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This action arises from the conduct of Defendant Alyssa Villalobos, a psychiatric social worker for the County of Los Angeles Department of Mental Health who repeatedly sexually assaulted Plaintiff Kevin Gomez while he was housed at Los Padrinos Detention Center in

1 - COMPLAINT FOR DAMAGES

Downey, California under the watch and care of the County of Los Angeles Probation Department.

2.     On or about September 2024 through February 2025 Defendant Villalobos, while holding a position of power and authority over the Plaintiff as his assigned social worker aggressively pursued and engaged in an inappropriate sexual relationship with him.

3.     This civil rights action seeks compensatory and punitive damages from the defendants for violating Plaintiff's rights under the United States Constitution in connection with the sexual assault of Plaintiff Gomez. Defendant Villalobos exploited opportunities that were provided by the County's deliberate indifference to the safety of the Plaintiff. Defendant Villalobos Department of Mental Health supervisors and co-workers together with the County of Los Angeles, the County of Los Angeles Probation Department failed to respect and enforce key policies designed to prevent and deter sexual abuse, failed to train their employees regarding those policies, failed to discipline their employees for violating those policies, maintained vague and unclear policies and maintained customs and practices that deviated from written policy.

## JURISDICTION AND VENUE

4.     This case arises under 42 U.S.C. §1983. Accordingly, subject matter is conferred upon this Court by 28 U.S.C. sections 1331 and 1343. Jurisdiction for the claims based on California law is founded on 23 U.S.C. §1367 (a), which provides this court with supplemental jurisdiction over state law claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper in this Court under 28 U.S.C. §1391(b), because Defendants reside in, and all incidents, events, and occurrences or omissions giving rise to this action occurred in the County of Los Angeles, California.

# PARTIES

6. Plaintiff Kevin Gomez is an adult male competent to sue. At all times relevant to this action, Plaintiff Gomez was detained at Los Padrinos Detention Center (LPDC) in Downey, California.

7. At all times mentioned, defendants County of Los Angeles (hereinafter "COUNTY") is and was at all relevant times mentioned herein, a municipality duly organized and existing under the laws of the State of California and oversaw the County of Los Angeles Probation Department and the County of Los Angeles Department of Mental Health.

8. The Los Angeles County Probation Department (hereinafter "LACPD") is an official subdivision of the COUNTY, along with The County of Los Angeles Department of Mental Health and all staff members employed by said departments are employees of defendant COUNTY. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including LACPD and The County of Los Angeles Department of Mental Health and its employees, contractors, and agents. At all relevant times, Defendant COUNTY was and is responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the LACPD and The County of Los Angeles Department of Mental Health comply with the law of the United States and the State of California. Defendant COUNTY was and is the employer of Defendants Guillermo Viera Rosa "Viera Rosa", Lisa H. Wong "Wong", Alyssa Villalobos "Villalobos", and DOES 1-10.

9. At all times Defendant Viera Rosa "Viera Rosa" was the Chief of the LACPD and responsible for its polices, practices, customs and procedure, Viera Rosa is sued in both his individual and official capacity.

10. At all times Defendant Lisa H. Wong "Wong" was the Director of the County of Los Angeles Department of Mental Health and responsible for its, policies, practices, customs and procedures, Wong is sued both in her individual and official capacity.

11. At all times relevant herein, Defendant Alyssa Villabos was a psychiatric social worker for the County of Los Angeles Department of Mental Health working at Los Padrinos Detention Center in Downey, California under the watch and care of the County of Los Angeles Probation Department.

12. At all relevant times, Defendants County, LACPD, Viera Rosa, County of Los Angeles Mental Health Department, Wong and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the LACPD and County of Los Angeles Mental Health Department, including those individuals charged with protecting the mental health and safety of detainees at County detention facilities, including Plaintiff Kevin Gomez to assure that said actions, policies, rules, regulations, customs, practices and procedures of LACPD, County of Los Angeles Mental Health Department and their employees and agents complied with the laws of the United Staes and State of California. At all relevant times, the County was the employer of each of the individually named defendants and Los Padrinos Detention Center was a County run facility operated by the LACPD.

13. Defendant Alyssa Villabos is a psychiatric social worker for the County of Los Angeles Department of Mental Health. At all times, Defendant Villalobos and Defendant Wong were duly authorized employees and agents of the County of Los Angeles, subject to oversight and supervision by the County's elected and non-elected officials and was acting under color of law

and within the course and scope of their duties for the County of Los Angeles Department of Mental Health and with complete authority and ratification of the principal County. In committing the acts alleged herein, Defendant Villalobos and Wong are sued in both their official and individual capacities.

14. The true names of defendants Does 1-10 are presently unknown to Plaintiff, who therefore sues each of these Defendants by such fictitious names; but upon ascertaining the true identity of defendant Doe, Plaintiff will amend this complaint or seek leave to do so by inserting the true and correct name in lieu of the fictitious name. Plaintiffs are informed and believes, and or the basis of such information allege that each defendant Doe herein is in some manner responsible for the injuries and damages alleged herein. Each individually named Doe defendant like each individually named defendant, acted under color of law and within the scope of his employment with the County, LACPD and the County of Los Angeles Department of Mental Health. Each Doe is sued in both his/her official and individual capacities.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. Pursuant to California Government Code §910, Plaintiff Gomez timely presented to defendants the appropriate claim for damages.

## GENERAL ALLEGATIONS

16. Plaintiff Gomez realleges each and every allegation in paragraphs 1 through 15 of this complaint with the same force and effect as if fully set forth herein.

17. Los Padrinos Detention Center houses detainees within Los Angeles County awaiting resolution of pending criminal matters. At the time of this incident, Plaintiff Gomez was such a detainee.

18. Defendant Villalobos is a psychiatric social worker employed by the County of Los Angeles Department of Mental Health.

19. Defendant Villalobos was assigned to be Plaintiff Gomez's social worker on or about August 21, 2024.

20. Defendant Villalobos was also responsible for providing written progress reports to Judge Susan Ser which documented Plaintiff's progress and suitability for rehabilitation.

21. Despite being tasked to provide therapy, support and rehabilitation services to Mr. Gomez, Defendant Villalobos used her position of authority and power over Plaintiff Gomez while aggressively cultivating and ultimately coercing a sexual relationship with him.

22. After weeks of Defendant Villalobos pursuing Plaintiff in person and telephonically through Instagram direct messaging, Plaintiff Gomez relented and became a victim of Defendant Villalobos predatory behavior as Defendant Villalobos began engaging in sexual intercourse with the Plaintiff. These sexual assaults took place in a locked office at Los Padrinos and spanned from September of 2024 until on or about March of 2025.

23. Despite the disproportionate amount time Defendant Gomez spent publicly courting Plaintiff and privately meeting with the Plaintiff in her office behind lock doors, at no point did LACPD attempt to intervene and protect Plaintiff from being sexually assaulted.

24. As a result of the sexual assaults, Plaintiff Gomez has experienced and continues to endure severe stress, anxiety, mental anguish and other emotional injuries.

25. Subsequent to the forced removal of Defendant Villalobos from Los Padrinos Detention Center, the Plaintiff was interviewed by LACPD representatives in which Plaintiff refused to cooperate out of fear of retaliation and being labeled a snitch.

26. Despite not cooperating, Plaintiff became the subject of LACPD retaliation as his living quarters became frequently raided, he received unwarranted write-ups, and LACPD staff begin unjustly restricting his privileges.

27. This retaliation further aggravated the damaged mental wellbeing of Plaintiff.

28. Moreover, in an effort to conceal their legal liability, LACPD representatives attempted to circumvent Plaintiff Gomez's legal counsel and attempted to interview him without the consent or knowledge of said legal counsel.

29. Further illustrating the coercive culture of LACPD during this meeting its representatives falsely told Plaintiff that his lawyer authorized the interview.

## FIRST CLAIM FOR RELIEF

### U.S.C. § 1983

### (Against Defendants Villalobos and DOES 4-10)

30. Plaintiff realleges and incorporates by reference, as though fully set for the herein, each and every allegation set forth in paragraphs 1-29.

31. This cause of action is brought pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments of the United States Constitution. The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects detainees from conditions of confinement or failures to prevent harm that amount to punishment without due process, including where County of Los Angeles Department of Mental Health agents and LACPD Officers act deliberately indifferent to known risks of harm to detained individuals such as Plaintiff Gomez, Plaintiff was deprived of his liberty interests and due process rights, and his right to be free from cruel and unusual punishment because it is the duty of the detaining facility or an incarcerating entity to take reasonable measures to guarantee the safety of a detainee and/or

prisoner. In this regard, the severe injury suffered by Plaintiff was cruel and unusual punishment and a deprivation of his liberty interests.

32.     In September of 2024, Plaintiff believes and thereon alleges that there was in existence at both the County of Los Angeles Department of Mental Health and LACPD, an administrative manual, written policies and procedures, along with orally conveyed policies regarding issues of sexual abuse of detained individuals from staff, supervision and protection of vulnerable detainees from staff, prevention of staff on detainee sexual abuse and disciplinary measures to take against staff who engage in sexual abuse against detainees.

33.     Defendant Villalobos and DOES 4-10 acting in conscious and reckless disregard for the plaintiff's rights and safety and in complete disregard of their responsibilities, did under the color of law, knowingly and or intentionally engage in the following acts and omissions:

(a)     Sexual assault/abuse of Plaintiff Kevin Gomez.

(b)     Engaged in sexual intercourse with Plaintiff Kevin Gomez.

(c)     Adversely retaliating against Plaintiff Kevin Gomez upon in an attempt silence Plaintiff from reporting the sexual abuse conduct.

(d)      Failed to report suspicious behavior of Defendant Villalobos as it related to her preying on Plaintiff Gomez.

(e)     Failed to stop and or prevent sexual abuse against Plaintiff Gomez.

(f)     Failed to take necessary appropriate subsequent disciplinary actions against Defendant Villalobos for sexually abusing Plaintiff Gomez.

36.     In this manner, defendants DOES 4-10 as LACPD officers at Los Padrinos along with Defendant Villalobos under the color of law, failed to protect the Plaintiff's life and safety, to

which Plaintiff had a constitutional right and thereby caused plaintiff to be exposed to danger and mental anguish resulting in severe and permanent injuries.

37. On information and belief, Defendants Villalobos and DOES 4-10 acted as they did in part because they knew or were otherwise aware there was no enforced COUNTY/ LACPD/Department of Mental Health policy in place to monitor and or review the safety of detainees including during closed door therapy sessions with Department of Mental Health social workers. As a result of established customs, norms and procedures at Los Padrinos, Defendants, including Defendants Villalobos and DOES 4-10, believed that they would not be disciplined or punished for their conduct and their conduct would otherwise be ratified or condoned by their superiors, as similar conduct had routinely gone unpunished and with offenders suffering no adverse or disciplinary consequences.

38. As a proximate result of the aforementioned acts and omissions of defendants and each of them, Plaintiff suffered severe physical and emotional harm that will negatively affect him for the remainder of his life.

39. As a proximate result of the aforementioned acts and omissions of defendants, and each of them, Plaintiff sustained great mental pain, suffering, fear, anxiety, anguish and emotional distress.

40. The aforementioned acts and omissions by Defendants, and each of them, were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to Villalobos AND DOES 4-10.

41. Plaintiff also requests payment by defendants of a reasonable sum of attorney's fees pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### Municipal Liability For Violation Of Civil Rights

### (Against Defendant COUNTY)

42. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 41.

43. Defendant COUNTY, through its administrators and decision makers, knowingly, recklessly and with disregard for the safety and wellbeing of detainees at Los Padrinos, including Plaintiff, promulgated, created, maintained and enforced a series of policies, procedures, customs and practices which facilitated sexual assaults by staff.

44. These policies, procedures, customs, and practices of the COUNTY were the moving forces behind the de facto custom and practice of permitting and condoning individual staff members, including Defendants Villalobos and DOES 4-10 of disregarding the safety of detainees similarly situated as Plaintiff who require protection from sexual assaults by staff.

45. Even when Defendant COUNTY enacted policies to protect detainees at juvenile facilities it knowingly and woefully failed to enforce said policies.

46. Defendant COUNTY had long been aware of problems at its juvenile facilities, including Los Padrinos, which created concern for the constitutional rights and safety of detainees. In fact, as a result of the conditions at Los Padrinos the COUNTY has entered into multiple prior agreements with the Department of Justice as to how these concerns would be addressed. However, despite the numerous prior investigations and agreements, the deplorable conditions still exist and led to the tragic injuries suffered by the Plaintiff.

47. In addition to the Department of Justice placing the COUNTY on notice of the safety concerns for detainees at their juvenile facilities, the COUNTY has been repeatedly placed on further notice by prior claims/ lawsuits and judgments.

48. Defendant COUNTY acting through its administrators, management, supervisors, employees, and or agents on staff at Los Padrinos violated their duty to provide reasonable protection from harm to the Plaintiff by including but not limited to each of the following:

   (a) Failing to monitor staff interaction with detainees such as the Plaintiff.

   (b) Failing to supervise and discipline staff properly when policies are violated.

   (c) Inadequate training of staff regarding preventing sexual abuse of detainees.

   (d) Failing to enforce written policies which prohibit staff from sexually abusing detainees, while knowing such conduct is taking place at its juvenile facilities, including Los Padrinos.

   (e) Inadequately training staff regarding the reporting requirements related to the conduct of other staff members, including inappropriate conduct with detainees at its juvenile facilities.

   (f) Hiring of staff who are unqualified to fulfill the responsibilities of protecting detainees at their juvenile detention facilities, including Los Padrinos, and who have a propensity to act in a manner that is dangerous to the health and safety of detainees.

49. The custom, policy, practice and procedures described herein were a legal cause of Plaintiff's injuries and each Defendant acting in accord with custom, practice, policy and procedure acted with deliberate indifference to the rights of the plaintiff, acted recklessly and intentionally, under color of law by showing conscious disregard for the life and safety of

Plaintiff, violated his constitutional rights and proximately caused the damages set forth in the incorporated paragraphs all in violation of 42 U.S.C. § 1983.

50.  By reason of the aforementioned acts and omissions of Defendant COUNTY, Plaintiff Gomez has incurred damages in an amount to be proven at the time of trial.

51.  By reason of the aforementioned acts of Defendant COUNTY, Plaintiff was required to and did retain counsel to institute and prosecute the present action, and to render legal assistance to Plaintiff so that his damages and impairment of his Constitutional rights might be vindicated; and by reason thereof, Plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. §1988.

## THIRD CLAIM FOR RELIEF

### Violations Of Civil Rights Under 42 U.S.C. 1983 For

### Failure To Train And Supervise

### (Against Defendants COUNTY, VIERA ROSA, WONG and DOES 1-3)

52.  Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 51.

53.  This cause of action is brought pursuant to 42 U.S.C. § 1983 and the Eight and Fourteenth Amendments of the United States Constitution.

54.  At all relevant times, Defendant COUNTY, VIERA ROSA, WONG and DOES 1-3, knew or should have known of the acts of its employees as complained of herein occurring at their detention facilities, including Los Padrinos. As a means, method, practice, policy of not requiring staff interaction with vulnerable detainees to be actively monitored or reviewed, Defendant COUNTY, VIERA ROSA,WONG and DOES 1-3, consciously disregarded their duties, in allowing Defendant Villalobos unfettered access to Plaintiff and failed to adequately

investigate, discover, discipline and/or correct such actions or practices, thereby causing a violation of Plaintiffs Constitutional rights as hereinabove set forth and his injuries.

55. Prior to the incidents alleged herein, defendants in the course and scope of their employment with defendant COUNTY, LACPD, the County of Los Angeles Department of Mental Health, facilitated, permitted, ratified, and condoned similar acts of sexual assaults, neglect and cruelty and were deliberated indifferent to the safety of detainees like Kevin Gomez. Defendants knew or in the exercise of reasonable care should have known of this practice, pattern, or policy of institutional violations. Furthermore, the Defendants had knowledge through numerous prior lawsuits and investigations predating this incident along with numerous claims directly placed the COUNTY on notice. Said Defendants had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to detainees, such as Plaintiff but failed to take action to properly train, instruct, supervise or discipline staff members or other employees assigned to juvenile hall facilities. As a result, thereof, Plaintiff was severely harmed and permanently injured and damaged in the manner alleged herein.

56. At all times herein and prior thereto Defendants, COUNTY, ROSA, WONG and DOES 1- 3 had the duty to train, instruct, supervise and discipline staff members to ensure that they respected and did not violate federal constitutional and statutory rights of detainees in their juvenile hall facilities and to objectively investigate violations of said rights such as the following:

(a) The right of detained minors to be free from sexual assaults from staff.

(b) The right to be free of infliction of injury from assault by staff.

(c) The right to be safe and protected from injury while in the defendants' custody.

(d) The right to be protected by staff members while under their control.

57. Defendants COUNTY, VIERA ROSA, WONG and DOES 1-3 breached their duties by failing to train, instruct, supervise, or discipline their staff members including Defendant Villalobos and DOES 4-10 on the violation of Plaintiff's and other minors' constitutional rights as alleged herein.

58. The conduct of said defendants has been ratified, authorized or otherwise condoned by each of them in their official and individual capacities.

59. By reason of the aforementioned acts and omissions of defendants and each of them, Plaintiff to be proven at the time of trial.

60. By reason of the aforementioned acts and omissions of defendants and each of them, Plaintiff was required to and did retain counsel and requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. § 1988.

61. The aforementioned acts of said individual Defendants, and each of them, was willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages as to said individual Defendants, but not as to Defendant COUNTY.

## FOURTH CLAIM FOR RELIEF

### Negligence/Statutory Liability

### (Against Defendants Villalobos and DOES 4-10)

62. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 61.

63. Plaintiff, at all material times, was in a "special relationship" with Defendants Villalobos and DOES 4 to 10, while he was detained at Los Padrinos Juvenile Detention Center. The special relationship obligated these Defendants to protect Plaintiff from danger, because as a detainee he was unable to protect himself while defendants had power, authority and control over the safety

of Plaintiff. Moreover, these Defendants had notice of the actual danger to the Plaintiff as Defendant Villalobos committed the sexual assault against Plaintiff.

64. Defendant Villalobos and DOES 4-10 as Probation Officers had an on-going relationship with the minor Plaintiff and an ongoing duty to exercise reasonable care in the protection of the Plaintiff which included a duty to warn and protect the Plaintiff. Defendant Villalobos and DOES 4-10 acted negligently in their failure to adequately warn and protect Plaintiff from harm, despite their special relationship to Plaintiff and obligation to do so, causing Plaintiff's injuries as described herein.

65. Further, under California Penal Code § 289.6 it is illegal for any employee at a Juvenile Detention Center including Los Padrinos to engage in sexual intercourse with a detainee.

66. Defendant COUNTY is subject to liability for above conduct pursuant to Cal. Gov't Code § 815.2 (a), which provides that "a public entity is liable for injury proximately caused by the act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this §, have given rise to a cause of action against that employee or his personal representative." Defendant COUNTY'S employees responsible for the acts or omission are Villalobos and DOES 4-10.

67. Plaintiff is informed and believes and thereon alleges that as a direct and proximate result of Defendants' violations of the statutory duties set forth above, Plaintiff suffered extreme mental harm and anguish and other lifelong injuries.

68. Plaintiff is informed and believes thereon alleges that at all times mentioned herein Defendants Villalobos and DOES 4-10 were unfit and unqualified to supervise and oversee the individuals detained in Los Padrinos detention facilities and were unqualified to care for the Plaintiff or any detainee.

69. Plaintiff is informed and believes thereon alleges that Defendant DOES 1-3 failed to perform a thorough and complete investigation of the abuse suffered by the Plaintiff and other detainees housed at Los Padrinos. These Defendants also failed to perform a thorough and complete investigation of the background of Defendants Villalobos and DOES 4-10 who were unqualified to supervise and monitor detainees at the COUNTY juvenile detention facilities. Furthermore, these Defendants failed to protect the Plaintiff from harm and failed to ensure his safety and failed to properly and adequately supervise and or monitor the care that was being provided to the Plaintiff despite their actual knowledge of prior abuse at Los Padrinos.

70. As a direct and proximate result of the said acts and omissions, Plaintiff sustained special and general damages in an amount to be proven at the time of trial.

## FIFTH CLAIM FOR RELIEF

**(Negligent Training and Supervision Against Defendants COUNTY, VIERA ROSA, WONG and DOES 1 to 3)**

71. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 70.

72. COUNTY's employees, including Villalobos and DOES 4-10 were unfit and incompetent to perform the work for which they were hired.

73. VIERA ROSA, WONG and DOES 1-3 knew or should have known that COUNTY's employees, including Villalobos and DOES 4-10 were unfit and incompetent and that this unfitness or incompetence created particular risks to the detainees at Los Padrinos. The negligence of VIERA ROSA, WONG and DOES 1-3 in training, supervising and retaining COUNTY's employees, including Villalobos and DOES 4-10, was a substantial factor in causing the harm of Plaintiff.

74. COUNTY is vicariously liable for wrongful acts of its employees, including VIERA , WONG and DOES 1-3, pursuant to § 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

75. The conduct of COUNTY employees, including VIERA ROSA, WONG and DOES 1-3, was malicious, oppressive and accomplished with a conscious disregard for the rights of Plaintiff entitling him to an award of exemplary and punitive damages as to VIERA ROSA, WONG and DOES 1-3 but not the COUNTY.

## SIXTH CLAIM FOR RELIEF

### Dangerous Condition of Public Property Government Code § 835

### (Against All Defendants)

76. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 75.

77. The County of Los Angeles public property Los Padrinos Juvenile Hall was a dangerous condition in that it was unsafe for the detainees it housed because there was insufficient protection provided to detainees. The harm was proximately caused by, but not limited to, (1) Insufficient enforcement of LACPD policy and procedure (2) insufficient training of staff in recognition of staff's sexual predatory behavior directed towards detainees; (3) insufficient training of staff on reporting other staff whose inappropriate behavior poses a safety risks to detainees.

78. Defendant COUNTY acting through its agencies, departments, management, employees had a duty to provide an environment free from dangerous conditions created by the public entity for the benefit of minor inmates at Los Padrinos Juvenile Hall.

79. Defendants had actual and constructive notice of the dangerous conditions of public property, and that those conditions presented the risk of serious harm to Plaintiff. Despite having knowledge, Defendants failed to take reasonable measures to abate these risks of harm. The dangerous conditions have existed and continue to exist at Los Padrinos and other COUNTY Juvenile Detention Centers as evidenced by reports to the COUNTY as a result of multiple Federal Department of Justice investigations, prior claims, and prior lawsuits, placing Defendant COUNTY and relevant departments and personnel, on notice of the dangerous conditions which caused Plaintiff's injuries. As the dangerous condition existed for a sufficient time prior to Plaintiff's injury the defendants could have taken measures to protect the dangerous conditions. For example, had the County required and enforced a policy that monitored staff/social workers interactions with detainees this incident would have been thwarted.

80. Defendants breached their duty to Plaintiff by creating and allowing above-described dangerous conditions to exist, and those conditions were the proximate and legal cause of Plaintiff's injuries. There were insufficiently trained and supervised staff at the time Plaintiff was injured. The staff at Los Padrinos failed to recognize and respond properly to the threats of harm to Plaintiff proximately caused and or contributed to his injuries.

81. As a result of the injuries sustained by Plaintiff, he is entitled to general and special damages according to proof at the time of trial.

## SEVENTH CLAIM FOR RELIEF

**(Violation of State Civil Rights – Against All Defendants)**

82. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 81.

83. All Defendants were acting under the color of law in maintaining and supervising the facilities of the COUNTY for the incarceration of detained offenders, including Los Padrinos. Defendant COUNTY is vicariously liable for these Defendants' conduct under Government Code § 815.2.

84. As a result of Defendants conduct, and each of them, as adopted and incorporated by paragraphs previously set forth, Defendants violated Plaintiff's personal and civil rights, including the right of protection from personal and physical insult and violation, as set forth in California Civil Code § 43, including but not limited to failing to protect Plaintiff from known risk of harm created by and known by Defendants.

85. The acts of Defendants previously alleged in this Complaint and incorporated herein to the extent applicable, interfered, or attempted to interfere with the exercise of Plaintiff's personal and civil rights under the laws and Constitution of the State of California, including the Plaintiff's rights under Civil Code § 43.

86. As a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiff has suffered and will continue to suffer damages, including but not limited to serious physical injury, great emotional and psychological distress, humiliation and mental anguish.

87. These violations of the Plaintiff's personal and civil rights by Defendants and DOES 1 to 10, are protected and guaranteed by California Civil Code § 52.1 entitling Plaintiff to damages and relief including damages under California Code § 52, other equitable relief, punitive damages, statutory civil penalty including $25,000 as to each individual Defendant and attorneys' fees pursuant to Civil Code § 52.1 (h) all of which requested herein.

88. In doing the acts alleged in this Complaint, Defendants knew of should have known that their actions were intended to cause him injury and damage and or acted with willful and conscious disregard of Plaintiff's rights thus entitling the Plaintiff to recover punitive damages against said Defendants VIERA ROSA, WONG, Villalobos and DOES 4 to 10.

**WHEREFORE**, plaintiff prays for judgment against defendants and each of them as follows:

1. For general damages according to proof;
2. For special damages according to proof;
3. For exemplary damages against those individual defendants in an amount sufficient to deter and to make an example of those defendants;
4. For costs of suit and reasonable attorney fees pursuant to 42 U.S.C. section 1988 on Plaintiff's federal claims; and reasonable attorney fees pursuant to Civil Code Section 52.1 (h) under Plaintiff's Sixth Claim for Relief;
5. For such other further relief as the Court may deem just and proper.

DATED May 27, 2025,          LESSEM, NEWSTAT & TOOSON, LLP.

_____
JAMAL TOOSON
Attorney for Plaintiff